

23

CLOSED    APR 12 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



GENERAL MOTORS
CORPORATION and AM
GENERAL, LLC,

        Plaintiffs,

v.

LANARD TOYS, INC. and LANARD
TOYS LIMITED,

        Defendants.

_____/

Case No. 01-71103
Case No. 03-72731

DISTRICT JUDGE
ARTHUR J. TARNOW



APR 12

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## JUDGMENT AND PERMANENT INJUNCTION

1. WHEREAS this Court granted summary judgment in the above-captioned case on August 27, 2004 resolving numerous issues in this case prior to trial, which Summary Judgment Order is attached hereto as Exhibit A;

2. WHEREAS the Court, on March 8, 2005, entered an Order of Dismissal As To Certain Claims Over Defendants' Objections, which is attached hereto as Exhibit B;

3. WHEREAS the Court held trial on March 8, 2005 through March 10, 2005 on the remaining issues; and

4. WHEREAS the jury rendered its verdict on March 10, 2005 on these remaining issues,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this judgment and permanent injunction is entered as follows:

A. The defendants used the asserted trademark or trade dress intentionally knowing that it was an infringement.

B. Judgment is entered against defendants, jointly and severally, in favor of GM/AMG in the amount of $1,274,141.

C. Defendants have not met their burden of proof on their laches and estoppel defenses, and those defenses are dismissed with prejudice.

D. GM/AMG are awarded their costs as the prevailing party and pre-judgment interest from March 20, 2001, the amount of which shall be based on the Michigan statutory rate, to be determined based on the final amount awarded after post-judgment submissions to the Court.

E. The Court reserves the issue as to whether to adjust the amount of defendants' profits awarded to plaintiffs under 15 U.S.C. § 1117(a) which shall be decided by post-judgment motions to be filed within 10 days of entry of this judgment.

F. The Court also reserves the issue of whether to increase the award of damages to plaintiffs up to an additional three times and/or award attorneys' fees to the plaintiffs, which shall be decided by post-judgment motions to be filed within 10 days of entry of this judgment.

G. Pursuant to Fed. R. Civ. P. 65, defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with defendants who receive notice of this permanent injunction by personal service or otherwise, are permanently enjoined and restrained from:

(1)    Importing, manufacturing, producing, distributing, circulating, selling,

offering for sale, advertising, promoting or displaying the Corps! ATK vehicle;

(2)   Imitating, copying or making any unauthorized use of the Hummer Nose Design Trademark (U.S. Trademark Registration No. 1,959,544), as shown in Exhibit C, and/or the trade dress of the Hummer/Humvee Vehicle, as shown in its entirety by the Pictures Exhibit D;

(3)   Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit or copy of, and/or any service that is confusingly similar to either the Hummer Nose Design Trademark and/or the trade dress of the Hummer/Humvee Vehicle;

(4)   Using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the Hummer Nose Design Trademark and/or the trade dress of the Hummer/Humvee Vehicle) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by defendants is in any manner associated or connected with GM, AMG, the HUMMER® brand, or the Hummer Nose Design Trademark and/or the trade dress of the Hummer/Humvee Vehicle, or is sold, manufactured, licensed, sponsored, approved or authorized by GM or AMG;

H.  This judgment and permanent injunction only deals with the rights and

3

GM v. Lanard
Case No. 01-71103
Case No. 03-72731

obligations of the parties in the United States and is not intended to affect the
parties' claims and defense in other countries.

I.  Should GM or AMG accuse Lanard's Ultra Corps, Super Shots and/or
Infrared Vehicle, which were part of this case, with infringement of the Nose Design
Trademark and/or trade dress of the Hummer/Humvee vehicle after the date of this
judgment, GM and/or AMG agree not to pursue any such accusation as a contest of
this Order, but instead shall file a new lawsuit with respect to such accusations.

J.  Defendants and their agents, employees, servants, attorneys, successors,
and assigns, and all others in privity or acting in concert herewith, shall file with this
Court, and serve upon GM/AMG's counsel within thirty (30) days of this judgment,
a written report under oath, setting forth in detail the manner and form in which they
have complied with the permanent injunction.

K.  GM/AMG and/or auditors of GM/AMG shall be allowed to audit and
inspect the books, records, and premises of the defendants for a period of three (3)
months after entry of this judgment and permanent injunction to determine
defendants' compliance with this permanent injunction.

IT IS SO ORDERED.

Arthur J. Tarnow
United States District Judge

Date:  **APR 1 2 2005**

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION,
and AM GENERAL, LLC,

        *Plaintiffs,*

vs.

LANARD TOYS, INC., and
LANARD TOYS LIMITED,

        *Defendants.*

HONORABLE <u>ARTHUR TARNOW</u>

CIVIL ACTION NO. <u>01-71103</u>
CIVIL ACTION NO. 03-72731

<u>*JURY TRIAL DEMANDED*</u>

---

MARK A. CANTOR   (P32661)
MARC LORELLI   (P63156)
**BROOKS KUSHMAN P.C.**
   *Attorneys for Plaintiff*

CHARLES E. ELLERBROCK   (P43795)
**GENERAL MOTORS CORPORATION
LEGAL STAFF**
   *Of Counsel for Plaintiff General Motors*

PAUL J. PERALTA
GERARD T. GALLAGHER
JEFF R. HECK
**BAKER & DANIELS**
   *Attorneys for Plaintiff AM General*

KEVIN D. O'REAR
Vice President and General Counsel
**AM GENERAL LLC**
   *Of Counsel for Plaintiff AM General*

M. V. KELL
MARGARET A. LYNCH
**KELL & LYNCH, P.C.**
   *Of Counsel for Plaintiff AM General*

STEPHEN WASINGER   (P25963)
GREGORY D. HANLEY   (P51204)
TAMMIE J. TISCHLER   (P59516)
**WASINGER KICKHAM AND HANLEY**
   *Attorneys for Defendants*

RICHARD P. SYBERT
**GORDON & REES LLP**
   *Of Counsel for Defendants*

---

# ORDER REGARDING
# <u>SUMMARY JUDGMENT MOTIONS</u>

Plaintiffs, General Motors Corporation ("GM") and AM General, LLC ("AMG") have moved for summary judgment. Defendants, Lanard Toys, Inc. and Lanard Toys Limited ("Lanard") has also moved for summary judgment. The Court has considered the briefs and arguments of the parties and is fully appraised of the issues. For the reasons set forth on the record on Friday, August 13, 2004, the Court hereby orders:

1.     Lanard's "CORPS! ATK Vehicle" is held to infringe both the Hummer/Humvee Trade Dress and the Hummer Nose Design Trademark (U.S. Registration No. 1,959,544).

2.     Lanard's "Mean Machine" is held not to infringe the Hummer/Humvee Trade Dress or the Hummer Nose Design Trademark.

3.     Lanard's "Ultra Corps!" toy is held not to infringe the Hummer/Humvee Trade Dress. The Court also determined that infringement of the Hummer Nose Design Trademark presents a jury question.

4.     Lanard's "Super Shots" toy is held to present a jury question as to infringement of both the Hummer/Humvee Trade Dress and the Hummer Nose Design Trademark.

5.     Lanard's "Infrared Vehicle" toy is held to present a jury question as to infringement of both the Hummer/Humvee Trade Dress and the Hummer Nose Design Trademark.

6.     Lanard's defenses of "functionality" and no "secondary meaning" are dismissed.

7.     Lanard's defense of "ownership" is dismissed.

-2-

8.   All of Lanard's Affirmative Defenses are dismissed at summary judgment except for Lanard's laches and estoppel defenses.

Therefore,

IT IS ORDERED that Defendants' Renewed Motion for Summary Judgment [155] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that General Motors' Motion for Summary Judgment of Infringement of the Hummer Nose Design Tradmark [160] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiffs' Joint Motion for Summary Judgment of Infringement of the Hummer and Humvee Vehicle Trade Dress [161] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiffs' Joint Motion for Summary Judgment as to Defendants' Affirmative Defenses [162] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Renewed Motion to Strike the Declaration of Charles Ellerbrock [172] is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion to File Reply Briefs in Excess of Five Pages [180] is GRANTED.

ARTHUR J. TARNOW
_____
HON. ARTHUR TARNOW
U.S. District Court Judge

AUG 2 7 2004

Dated: _____

-3-

**FILED** 4

MAR 0 8 2005
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION,
and AM GENERAL, LLC,

            *Plaintiffs,*

            HONORABLE ARTHUR TARNOW

vs.

            CIVIL ACTION NO. 01-71103
            CIVIL ACTION NO. 03-72731

LANARD TOYS, INC., and
LANARD TOYS LIMITED,

            *Defendants.*

            *JURY TRIAL DEMANDED*

---

MARK A. CANTOR      (P32661)
MARC LORELLI         (P63156)
BROOKS KUSHMAN P.C.
      *Attorneys for Plaintiff*

CHARLES E. ELLERBROCK      (P43795)
GENERAL MOTORS CORPORATION
LEGAL STAFF
      *Of Counsel for Plaintiff General Motors*

ED SULLIVAN
GERARD T. GALLAGHER
JEFF R. HECK
BAKER & DANIELS
      *Attorneys for Plaintiff AM General*

STEPHEN WASINGER  (P25963)
GREGORY D. HANLEY (P51204)
WASINGER KICKHAM AND HANLEY
      *Attorneys for Defendants*

RICHARD P. SYBERT
GORDON & REES LLP
      *Of Counsel for Defendants*

---

## ORDER OF DISMISSAL AS TO CERTAIN CLAIMS
## OVER DEFENDANTS' OBJECTIONS

WHEREAS, plaintiffs have accused defendants (hereinafter "Lanard") of infringement of U.S. Trademark Registration No. 1,959,544 and the Trade Dress of the Hummer/Humvee vehicle with respect to five toys manufactured and sold by Lanard; and

WHEREAS, the Court on August 27, 2004 ruled with respect to those five toys as follows:

1.    Lanard's Corps! ATK Vehicle is held to infringe both the Hummer/Humvee Trade Dress and the Hummer Nose Design Trademark (U.S. Registration No. 1,959,544).

2.    Lanard's "Mean Machine" is held not to infringe the Hummer/Humvee Trade Dress or the Hummer Nose Design Trademark.

3.    Lanard's "Ultra Corps!" toy is held not to infringe the Hummer/Humvee Trade Dress.  The Court also determined that infringement of the Hummer Nose Design Trademark presents a jury question.

4.    Lanard's "Super Shots" toy is held to present a jury question as to infringement of both the Hummer/Humvee Trade Dress and the Hummer Nose Design Trademark.

5.    Lanard's "Infrared Vehicle" toy is held to present a jury question as to infringement of both the Hummer/Humvee Trade Dress and the Hummer Nose Design Trademark.

-2-

WHEREAS, plaintiffs have requested that the three toys for which there are remaining questions as to infringement not be included in trial for efficiency and to reduce the number of issues to be tried as Lanard has no current sales of these products and the amount of sales involved with respect to any past damages would be small; and

WHEREAS, plaintiffs have agreed to release defendants from any past liability with respect to said products as a condition of such dismissal,

WHEREAS, defendants object to this dismissal because they continue to market the three toys and they will be prejudiced if they are required to defend a new lawsuit raising the same claims because they will have incurred substantial attorneys' fees to defend the claims in this case and because they do not believe that any claimed efficiency will offset this prejudice;

WHEREAS, the court has determined, over defendants' objections, that it will allow Plaintiffs to voluntarily dismiss their claims based on the three toys,

IT IS HEREBY ORDERED as follows:

1.     Plaintiffs hereby release defendants for any liability with respect to infringement of the '544 registration and/or Hummer/Humvee Trade Dress with respect to sales of Lanard's accused Infrared Vehicle, Ultra Corps! and Super Shots toy products through the date of this dismissal with prejudice.

2.     As a result of this release, plaintiffs' claims in this case against these three toys are dismissed with prejudice as to sales prior to the date of this dismissal and

-3-

without prejudice to bring these claims against future sales of these products after the date
of this dismissal.

SO ORDERED.

Dated: **MAR 0 8 2005**

HON. ARTHUR TARNOW
U.S. District Court Judge.

**STIPULATED AS TO FORM:**

**BROOKS KUSHMAN, P.C.**

By:

MARK A. CANTOR (P32661)
MARC LORELLI    (P63156)
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075-1238
*Attorneys for Plaintiff*

Dated:    3/7/05

**BAKER & DANIELS**

By:

ED SULLIVAN
GERARD T. GALLAGHER
JEFF R. HECK
205 West Jefferson Blvd, Suite 250
South Bend, Indiana 46601

*Attorneys for Plaintiff AM General*

Dated:    3/8/05

**STEPHEN F. WASINGER PLC**

By:

STEPHEN WASINGER (P25963)
100 Beacon Centre
26862 Woodward Avenue
Royal Oak, Michigan 48067-0958

*Attorneys for Defendant*

Dated:    3/8/05

-4-

Int. Cl.: 12

Prior U.S. Cl.: 19

## United States Patent and Trademark Office

Reg. No. 1,959,544
Registered Mar. 5, 1996

## TRADEMARK
### PRINCIPAL REGISTER



AM GENERAL CORPORATION (DELAWARE CORPORATION)
P.O. BOX 7025
SOUTH BEND, IN 466347024

FOR: TRUCKS, IN CLASS 12 (U.S. CL. 19).
FIRST USE 7-6-1981; IN COMMERCE 7-6-1981.
THE MARK CONSISTS OF THE CONFIGU-RATION OF THE TRUCK'S NOSE, INCLUDING

THE GRILL AREA AND ADJACENT PANELS. THE ITEMS OUTLINED WITH BROKEN LINES ARE NOT CLAIMED AS A FEATURE OF THE MARK.
SEC. 2(F).

SER. NO. 74-411,234, FILED 7-12-1993.

ANTHONY R. MASIELLO, EXAMINING AT-TORNEY

EXHIBIT C



EXHIBIT D



















