UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS                     Case No. 01-71103
CORPORATION and AM                 Case No. 03-72731
GENERAL, LLC,
                                   DISTRICT JUDGE
          Plaintiffs,              ARTHUR J. TARNOW

v.

LANARD TOYS, INC. and
LANARD TOYS LIMITED,

          Defendants.

_____/


**<u>ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT OR NEW TRIAL [ 210], DENYING
PLAINTIFFS' MOTION FOR INCREASED DAMAGES [213], DENYING
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [213], GRANTING
PLAINTIFFS' MOTION FOR CALCULATION OF PREJUDGMENT
INTEREST [213] AND GRANTING PLAINTIFFS' MOTION FOR BILL OF
COSTS [211]</u>**

## I.  BACKGROUND

This trademark infringement case involves Defendants' sales of toy vehicles

resembling Defendants' Hummer vehicle.  Although Plaintiffs' initial complaint

accused several of Defendants' products of infringement, there was only one toy,

the CORPS!ATK toy, at issue at trial.

Following trial, the jury found that Defendants' intentionally infringed

Plaintiffs' trademark and that Defendants could not establish the affirmative

GM v. Lanard
01-71103

defenses of laches and estoppel.  On April 12, 2005, the Court entered a judgment
in favor of Plaintiffs on their claims for trademark infringement.

In the judgment, the Court reserved its decision as to whether or not the
jury's award of damages in the form of Defendants' profits should be adjusted and
whether or not Plaintiffs are entitled to increased damages under 15 U.S.C. §
1117(a) for Defendants' intentional infringement.

Before the Court are several post-judgment motions filed by both parties.
Defendants have filed a motion for judgment notwithstanding the verdict or in the
alternative a new trial [210].  Plaintiffs have filed a motion for increased damages,
attorneys' fees, and calculation of prejudgment interest [213]as well as a motion
for bill of costs [211].

The court has reviewed the parties' pleadings and determined that these
motions may properly be decided without oral argument.

For the reasons that follow, the court will DENY Defendants' motion for
judgment notwithstanding the verdict or new trial, DENY Plaintiffs' motion for
increased damages, DENY Plaintiffs' motion for attorneys' fees, GRANT
Plaintiffs' motion for prejudgment interest, and GRANT Plaintiffs' motion for bill
of costs.

## II.  DISCUSSION

2

GM v. Lanard
01-71103

## A.  Defendants' Motion for Judgment Notwithstanding the Verdict

Under Fed. R. Civ. P. 50(b),

[t]he issue raised by a motion for a judgment notwithstanding the verdict is whether there is sufficient evidence to raise a question of fact for the jury.  In determining whether the evidence is sufficient, the trial court may neither weigh the evidence, pass on the credibility of witnesses, nor substitute its judgment for that of the jury.  Rather the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor.  If, after thus viewing the evidence, the trial court is of the opinion that it points so strongly in favor of the movant that reasonable minds could not come to a different conclusion, then the motion should be granted.

*Ratliff v. Wellington Exempted Village Schools Bd. of Educ.* 820 F.2d 792, 795 (6th Cir. 1987) (citations omitted).

In this case, Defendants' motion for judgment notwithstanding the verdict or new trial makes ten arguments: (1) the jury's verdict awarded excessive damages and a double recovery to Plaintiffs by awarding a reasonable royalty plus Defendants' profits; (2) the Court's summary judgment order was clearly erroneous, and the jury should have resolved factual questions as to other toys that may have affected the infringement analysis as to the toy considered at trial; (3) Defendants were prejudiced by the structure of the special verdict form, which put the question of Plaintiffs' damages before the questions concerning Defendants' affirmative defenses; (4) the judgment erroneously imposed joint and several liability on Lanard, Ltd. (Hong Kong) and Lanard, Inc. (Missouri); (5) the

3

distinction between Plaintiffs GM and AMG was blurred, allowing them to collect excessive damages; (6) the Court erred by allowing Plaintiffs to recover prejudgment interest without reducing the principal damages to present cash value; (7) the permanent injunction is "fatally flawed;" (8) the jury's intentional infringement finding was not supported by the evidence; (9) the Court's laches instructions and the special verdict's laches questions were erroneous; and (10) the estoppel instructions were erroneous.

### 1.

As to Defendants' first argument, the Court finds that Plaintiffs are properly entitled to both a royalty and profits as damages for Defendants' infringement. The relevant portion of the Lanham Act specifically provides that prevailing trademark infringement plaintiffs may recover, "subject to the principles of equity...(1) defendant's profits, (2) any damages sustained by the plaintiff, ***and*** (3) the costs of the action." 15 U.S.C. § 117(a) (emphasis added).  The Court finds that the statute should control.  Therefore, Plaintiffs are entitled to both royalty and profits damages.

Defendants also argue that the jury based its damages award on an inflated computation presented by Plaintiffs' expert witness.  Defendants' position ignores the plain language of the Lanham Act, which allocates the burdens for proving damages as follows:

4

GM v. Lanard
01-71103

In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.

15 U.S.C. § 1117(a).

Defendants argue that Plaintiffs' damages expert testified as to the Defendants' total sales, including toys that were not at issue at trial. However, it was Defendants' burden to present evidence deducting the sales of non-infringing toys. Therefore, the Court finds that the jury's damages award was proper.

**2.**

On August 27, 2004, the Court entered an order granting in part Plaintiffs' motion for summary judgment and granting in part Defendants' motion for summary judgment. Defendants' second argument is that the Court's summary judgment order was erroneous.

According to Defendants, the Court failed to distinguish between GM and AM General, thus confusing the jury on the question of whether or not AM General had granted Defendants permission to use the Hummer trademark in 1993. Defendants maintain that had the jury known that AM General possessed the rights in the "military trade dress" employed in the accused toy vehicles, then it would have found in their favor.

In addition, Defendants' argument is based on factual disputes that, under Rule 50, are proper for resolution by the jury. For example, the jury was entitled to

5

find, as it apparently did, that the alleged 1993 agreement between AM General and Lanard, which concerned the "Mudslinger" toy rather than the CORPS!ATK toy at issue in the trial, did not allow Defendants to sell the CORPS!ATK toy. The Court will not disturb the jury's findings on such questions.

Next, Defendants argue that GM was improperly allowed to assert rights in the so-called "military trade dress," which it did not own. The Court rejects this argument for two reasons.

First, the Court considered this argument at the summary judgment stage and rejected it by dismissing Defendants' "ownership" defense.

The Court also finds that the factual questions underlying this argument preclude it from granting judgment notwithstanding the verdict. For example, the jury may have concluded that the CORPS!ATK vehicle contained civilian, rather than purely "military trade dress," and that GM's rights in the civilian marks were infringed. However, the Court can only speculate as to the jury's conclusions on this factual point. Therefore, judgment notwithstanding the verdict is improper.

Defendants claim that the Court made no findings of fact as to the existence of an agreement between Defendants and AM General in 1993, under which Defendants were granted permission to use the Hummer military trade dress, and this factual question precluded summary judgment of liability. This argument does not warrant judgment notwithstanding the verdict. At best, the 1993 agreement concerned only the "Mudslinger," and not the CORPS!ATK toy. To the extent

6

there were any outstanding questions of fact as to the agreement, the jury resolved them in addressing Defendants' affirmative defenses of laches and estoppel. The Court will not second guess the jury's decisions.

Defendants argue that he Court erroneously granted summary judgment on GM's trade dress claims because GM could not establish that the Hummer design had established a secondary meaning and that there was a likelihood of consumer confusion as to both the Hummer trade dress and nose design. These arguments were addressed by the parties and the Court at the summary judgment stage. There is ample evidence in the record to conclude that the Hummer mark owned by Defendants is distinctive and imbued with secondary meaning. Plaintiffs' survey evidence as well as the outward similarities between Plaintiffs' Hummer design and Defendants' CORPS!ATK toy lead the Court to conclude that its summary judgment order was not erroneous.

**3.**

According to Defendants, the structure of the verdict form was prejudicial because it placed the question of damages first, followed by questions as to Defendants' affirmative defenses.

The question of whether or not the structure of the special verdict form tainted the jury's determination of the facts can only be answered by speculation. In addition, the questions presented in this case were not so complex that one could reasonably doubt the jury's ability to answer them. Therefore, the Court finds this

7

is an insufficient basis for granting Defendants' motion.

## 4.

Defendant's fourth argument is that the judgment improperly imposed joint and several liability on Defendants Lanard, Ltd. and Lanard, Inc.   Defendants have represented themselves collectively as "Lanard" throughout the litigation, and representatives of both Lanard, Inc. and Lanard, Ltd. represented the companies' interest in selling the accused toys.  There is no error in imposing joint and several liability.

## 5.

Defendants' fifth argument is that the "blurring" of AM General and General Motors allowed Plaintiffs to collect excessive damages.  This argument presupposes that AM General alone had rights in the "military trade dress" contained in the CORPS!ATK toy, and that the jury based its verdict on the "military trade dress."  As discussed above, the Court properly rejected Lanard's "ownership" defense at the summary stage.  In addition, this argument raises factual question that were properly decided by the jury.

## 6.

Defendants' sixth argument is that an award of prejudgment interest dating back to the filing of the complaint, without reducing the award to present value, would allow Plaintiffs a prohibited double recovery.  The Court rejects

GM v. Lanard
01-71103

Defendants' position.

First, it is clear that prejudgment interest is necessary in trademark cases to fully compensate the holders of infringed trademarks. In *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431 (7th Cir. 1989), the court stated:

> The time has come...to announce a rule that prejudgment interest should be presumptively available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay.

*Gorenstein Enterprises*, 874 F.2d at 436.

Second, Defendants argue that Plaintiffs did not present any evidence justifying an award of prejudgment interest. This argument is unpersuasive because prejudgment interest does not present complex questions of proof. Rather, prejudgment interest should be presumptively available to prevailing trademark plaintiffs. *See Gorenstein Enterprises*, *supra*.

Third, in *Advanced Accessory Systems, LLC v. Gibbs*, 71 Fed. Appx. 454, 2003 WL 21674748 (6th Cir. 2003) (unpublished), the Sixth Circuit rejected the same argument advanced by Defendants in this case. Although it is an unpublished case, the Court finds its reasoning persuasive:

> Advanced argues that the damages award is excessive because it includes prejudgment interest both on damages that had accrued by the time the counterclaim was filed and on future damages–payments to which the Gibbses would have been entitled under the Employment

9

GM v. Lanard
01-71103

Contract, but which were not yet due when the counterclaim was filed–not reduced to present value.

*   *   *

[E]ven if we review the issue de novo, we conclude–albeit somewhat reluctantly–that the district court did not err in calculating prejudgment interest on the future damages without reducing them to present value. Citing *H.J. Tucker and Associates, Inc. v. Allied Chucker and Engineering Co.*, 234 Mich. App. 550, 595 N.W.2d 176 (1999), this circuit recently held that "[w]e are convinced Michigan law requires that prejudgment interest be calculated...on the entire judgment from the date the complaint was filed," even when certain monetary claims included in the judgment had not accrued at the time of filing. *Perceptron, Inc. v. Sensor Adaptive Machs., Inc.*, 221 F.3d 913, 923 (6th Cir. 2000). *Tucker* relied upon *Paulitch v. Detroit Edison Co.*, 208 Mich. App. 656, 528 N.W.2d 200 (1995), which, it is important to note, was a case in which the jury did not receive an instruction regarding the present value of future damages, and the judgment was not reduced to present value by the court. Noting that the Michigan courts were split on the issue, and that awarding prejudgment interest on future damages not reduced to present value resulted in a double benefit to the plaintiff, the *Paulitch* court nonetheless held that strict construction of the Michigan statutes–[MCL § 600.6013 and 600.6301]–required that prejudgment interest be calculated on the award of future damages. *Paulitch*, 528 N.W.2d at 204. Like the Chief Justice of the Michigan Supreme Court, who found this interpretation of Michigan's statutory scheme both sound as a matter of statutory construction and "troubling" as a matter of public policy, *Buzzitta v. Larizza Indus., Inc*., 4654 Mich. 975, 641 N.W.2d 593, 593-94 (2002) (Corrigan, C.J., concurring), we are troubled by the awarding of prejudgment interest on future damages, but we think that Michigan law requires this result.

*Advanced Accessory*, *supra* at *6-7.

10

GM v. Lanard
01-71103

In light of *Gorenstein Enterprises* and *Advanced Accessory*, under federal statutory and common law, Plaintiffs are entitled to prejudgment interest from the date of the filing of the complaint.

**7.**

Defendants argue that the permanent injunction is flawed because its language is overly broad and would prohibit Defendant from selling non-infringing toys. These arguments were presented by Defendants and rejected by the Court following oral argument on April 1, 2005.

Defendants also argue that the injunction amounts to an extraterritorial application of United States law because it may require Lanard Ltd., which resides in Hong Kong, to open its books to inspection by Plaintiffs. However, Plaintiffs correctly respond that the injunction binds a party over which the Court has jurisdiction. Therefore, an order directing Lanard, Ltd. to make its books available is proper.

**8.**

Defendants' eighth argument is that the jury's finding of intentional infringement is unsupported by the evidence. As to the design of the Corps!ATK toy, the jury heard testimony from Defendants' design engineer, Mark Tebbe, that the Hummer served as the model for the Corps!ATK vehicle. Defendants argue that they believed in good faith that their design did not infringe Plaintiffs' trademark. However, the jury heard all of the evidence and apparently rejected

11

GM v. Lanard
01-71103

Defendants' argument.  There is no basis for concluding their determination was

unreasonable.

## 9.

Defendants' ninth argument is that the laches instructions and special verdict

questions were erroneous. Defendants bear a heavy burden of proving laches in

trademark cases:

> The question of laches is primarily addressed to the discretion of the
> trial court.  *Czaplicki v. Hoegh Silvercloud*, 351 U.S. 525, 534 (1956).
> Laches arises from an unreasonable delay in enforcing one's rights
> which materially prejudices the alleged infringer.  A plaintiff,
> however, is entitled to some latitude to assess the impact of another's
> use of an allegedly infringing trademark and the wisdom of pursuing
> litigation on the issue; there is a strong presumption that plaintiff's
> delay is reasonable so long as the analogous statute of limitations (in
> Michigan, 3 years) has not elapsed. [*Tandy Corp. v. Malone & Hyde,
> Inc.*, 769 F.2d 362, 366 n.2 (6th Cir. 1985)].

*SCI Systems, Inc. v. Solidstate Controls, Inc.*, 748 F.Supp. 1257, 1261-62 (S.D.

Ohio 1990).

In light of the difficulty of proving laches in a trademark case, as well as the

multiple factual questions underlying the defense, the Court is unable to conclude

that the jury acted unreasonably in rejecting the defense of laches.

## 10.

Finally, Defendants argue that the estoppel instructions were erroneous and

12

prejudicial because they blurred the distinction between AM General and General Motors and imposed an improper standard for proving estoppel that is inconsistent with Michigan law.

As discussed above, the Court cannot find any support in the record for Defendants' argument that the differences between AM General and General Motors were improperly blurred.  The jury reasonably concluded that Plaintiffs' conduct did not mislead Defendants to believe they could sell the CORPS!ATK toy without a license.

In addition, the special verdict question on estoppel was taken directly from *Nartron Corp. v. ST Microelectronics, Inc.*, 305 F.3d 397, 413 (6th Cir. 2002), where the court stated:

> [E]stoppel...requires more than a showing of mere silence on the part of a plaintiff; defendant must show that it had been misled by plaintiff through actual misrepresentations, affirmative acts of misconduct, intentional misleading silence, or conduct amounting to virtual abandonment of the trademark.

*Nartron*, 305 F.3d at 413.

The special verdict form used clear Sixth Circuit authority on the question of estoppel in trademark infringement cases.  Defendants' insistence that Michigan law should apply is unpersuasive.

### B.  Defendants' Motion for New Trial

13

GM v. Lanard
01-71103

Defendants argue that they are entitled to a new trial for each of the reasons set forth above.

The decision to grant or deny a new trial lies within the broad discretion of the trial court.  *United States v. L.E. Cooke Co., Inc.*, 991 F.2d 336, 343 (6th Cir. 1993). Where a motion for a new trial is made upon the ground that a verdict is against the great weight of the evidence, the Court "must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the verdict is against the clear weight of the evidence."  *Id.* at 343.

In this case, the jury's finding of infringement cannot be said to be against the great weight of the evidence.  Therefore, Defendants' motion for a new trial under Rule 59 is DENIED.

## C.  Plaintiff's Motion for Increased Damages

The Lanham Act  allows district courts to increase actual damages in cases involving willful trademark infringement.  The statute provides:

> In assessing damages the Court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.

15 U.S.C. § 1117(a).

In this case, the jury awarded actual damages of $340,330, calculated as an 8% royalty on Defendants' infringing sales.  Based on the jury's finding of wilful infringement, Plaintiffs' motion asks that the award be trebled to $1,020,990.

14

GM v. Lanard
01-71103

The evidence of intentional infringement in this case is persuasive, and the jury reasonably found that Defendants' infringement was intentional.   However, the facts of this case do not warrant an award of treble damages.  In addition to the royalty award of $340,330, Plaintiffs were awarded $933,811 in damages based on Defendants' profits.

Given that the goods in this case are not competing,  as well as the substantial size of the damages award authorized by the jury, the Court finds that the jury's damage award is proper and adequately compensated Plaintiffs for Defendants' infringement.  Therefore, Plaintiffs' motion for increased damages under § 1117(a) is DENIED.

### D.  Plaintiffs' Motion for Attorney Fees

Plaintiffs' motion requests $825,982.58 in attorney fees–$680,762.06 allocated to GM and $145,220.52 allocated to AM General.

Under 15 U.S.C. 1117(a), attorneys' fees are available only in "exceptional cases."   The Sixth Circuit has explained that

> [w]hile the term "exceptional is not defined in the statute, this court
> has previously held that a case is not exceptional where the trademark
> infringement was not malicious, willful, fraudulent, or deliberate.  It
> does not, however, follow that a case will always be "exceptional" for
> purposes of awarding attorney fees where the relevant conduct is
> found to be willful, fraudulent, and deliberate.

*U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1192 (6th Cir. 1997).

Plaintiffs argue that under the analogous rule in patent cases, the factors

15

GM v. Lanard
01-71103

relevant to determining an attorneys' fees award are intentional infringement, misconduct during litigation, and vexatious litigation tactics.

There is no dispute that the jury determined that Defendants intentionally infringed Plaintiffs' hummer trade mark and trade dress. This factor favors an award of attorneys' fees.

Plaintiffs argue that Defendants engaged in misconduct during litigation, specifically by misrepresenting the status of computer files showing Defendants' profits during discovery. On April 23, 2003, the Court ordered Defendants to pay Plaintiffs $13,445 as sanctions for their misconduct. The sanctions awarded to Plaintiffs adequately accounts for Defendants' discovery misconduct. Therefore, this factor weighs against an award of additional attorneys fees.

Finally, Plaintiffs argue that Defendants engaged in vexatious tactics by proposing a jury instruction on actual confusion as an element of a trademark infringement case despite clear Sixth Circuit case law providing that proof of actual confusion is not required. According to Plaintiffs, Defendants' insistence on the actual confusion rule forced them to produce their survey expert for trial, only to have Defendants withdraw the proposed instruction after he arrived.

The Court is not willing to read bad faith into Defendants' position on the actual confusion instruction. Therefore, the "vexatious tactics" factor does not favor an award of attorney fees.

Based on all of the circumstances presented, the Court finds this is not an

16

GM v. Lanard
01-71103

"exceptional" case within the meaning of § 117(a).  Therefore, Plaintiffs' motion for attorney fees is DENIED.

### E.  Plaintiffs' Motion for Prejudgment Interest

As discussed above, Plaintiffs are entitled to prejudgement interest dating back the date of the filing of the complaint.  *See Gorenstein Enterprises, supra*; *see also Advanced Accessory Systems, supra*.

It appears to the Court that Plaintiffs' proposed computation of prejudgment interest is appropriate.  Therefore, Plaintiffs are awarded 19.59748 % interest on the final recovery amount.   Based on the jury's award of $1,020,990, Plaintiffs' final recovery, including interest ($200,088), should be $1,221,078.

Also, Plaintiffs are entitled to post-judgment interest in accordance with 28 U.S.C. § 1961, which states:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court...Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961.

### F.  Plaintiff's Motion for Costs

Under Fed. R. Civ. P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

GM v. Lanard
01-71103

Plaintiffs have filed a motion for costs, which seeks to recover $17,261.02 in costs representing fees of the clerk, court reporter fees, witness fees, service fees, and copying fees.  The Court finds that Plaintiffs' computation of costs is reasonable.  Therefore, Plaintiffs' motion for costs is GRANTED.

### III.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' motion for judgment notwithstanding the verdict or new trial is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for increased damages is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for attorney fees is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for calculation of prejudgment interest is GRANTED, and that Plaintiff shall recover 19.59748% interest on the final recovery amount.

IT IS FURTHER ORDERED that Defendants shall pay Plaintiffs $1,221,078 in damages and prejudgment interest, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that Defendants shall pay Plaintiffs $17,261.02 in costs.

IT IS SO ORDERED.

18

GM v. Lanard
01-71103

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 12, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on  July 12, 2005, by electronic and/or ordinary mail.

s/ Kendra Byrd
Case Manager